**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KEVIN W. WORRELL, SR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-04089-RWS |
| FEDERAL NATIONAL : | |
| MORTGAGE ASSOCIATION, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on Plaintiff's Petition for Temporary Restraining Order and/or Preliminary Injunction [2] and Defendant's Motion for Summary Judgment [11]. After considering the record, the Court enters the following Order.

### **Background**

Plaintiff Kevin Worrell, Sr. ("Plaintiff" or "Worrell") alleges that he executed a security deed ("the Security Deed") for 8127 Huntington Drive in Jonesboro, Georgia ("Property") in favor of Defendant Federal National Mortgage Association ("Defendant" or "FNMA"). (Dkt. No. [2] at ¶ 3). Worrell also claims that Defendant wrongfully foreclosed on the Property. (Id. at ¶ 8).

Defendant describes the events differently. According to Defendant, "Plaintiff … obtained a residential mortgage loan from [Primary Residential Mortgage Inc. ("PRM")]," "executed a promissory note [("Note")] in favor of PRM and its successors and assigns," and "also executed a Security Deed in favor of MERS, as nominee of PRM and its successors and assigns." (Dkt. No. [11-1] at 2–3). PRM assigned the Note and Security Deed to CitiMortgage, Inc. ("CitiMortgage"), which foreclosed on the Property in July 2010. (Id. at 3). After CitiMortgage purchased the Property at a foreclosure sale, it conveyed the property to Defendant. (Id.). Defendant then sought a writ of possession to dispossess Plaintiff of the Property, which was granted in its favor on September 20, 2010. (Id.).

On November 3, 2010, Worrell filed an Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction ("Petition") in the Superior Court of Clayton County. (Dkt. No. [2] at 2, 9). The Petition alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and O.C.G.A. § 44-14-162. (Id. at ¶¶ 14–16, 19). Worrell claims that "Defendants have executed a Notice of Default and Notice of Sale under Power, without providing Plaintiff proper Notice as required by Georgia law," and that "Defendants began pursuing

foreclosure of Plaintiff's property" without providing 30 days notice as is required by O.C.G.A. § 44-14-162. (Id. at ¶¶ 9, 11–12). Furthermore, Plaintiff questions whether "FNMA is still in fact the legal holder of the mortgage." (Id. at ¶ 17).

Defendant removed the case to federal court and filed its Answer [3] in December 2010. (Dkt. No. [1] at 9). On March 1, 2011, Defendant served Plaintiff with its Request for Admissions [11-11] pursuant to Federal Rule of Civil Procedure 36. (Dkt. [10] at 1). This Request asked Plaintiff to make several admissions:

- "[Worrell] signed the Note" (Dkt. No. [11-11] at ¶ 1);

- "[Worrell] signed the Security Deed" (Id. at ¶ 2);

- "[Worrell] intended to pledge the Property as collateral to secure [his] indebtedness to PRM under the Note and Security Deed" (Id. at ¶ 5);

- "[Worrell] intended to grant PRM a first priority security interest in the Property at the time [he] signed the Note and Security Deed" (Id. at ¶ 6);

- "At the time [Worrell] signed the Note and Security Deed, [he] understood that PRM could foreclose on the Property if [he] failed to make scheduled payments or otherwise defaulted on [his] obligations under the Note and Security Deed" (Id. at ¶ 7);

- "[Worrell has] failed to make scheduled payments as required by the Note and Security Deed" (Id. at ¶ 8);

3

- "[Worrell is] in default under the Note and Security Deed due to, among other things, [his] failure to make scheduled payments as required by the Note and Security Deed" (Id. at ¶ 9);

- "[Worrell is] still living at the Property" (Id. at ¶ 10);

- "[Defendant] never agreed, in writing or otherwise, to postpone the Foreclosure" (Id. at ¶ 11);

- "[Defendant] never agreed, in writing or otherwise, not to foreclose on the Property" (Id. at ¶ 12);

- "[Worrell] cannot identify any contractual provision, law or regulation which [Defendant] allegedly violated in connection with the administration of the Loan" (Id. at ¶ 13); and

- "[Worrell] cannot identify any contractual provision, law or regulation which [Defendant] allegedly violated in connection with the Foreclosure" (Id. at ¶ 14).

Plaintiff failed to respond to the Request [11-11]. On May 20, 2011, Defendant filed its Motion for Summary Judgment [11]. Plaintiff did not respond to Defendant's Motion for Summary Judgment [11].

## Discussion

**I.   Threshold Matters**

Federal Rule of Civil Procedure 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to … facts, the

4

application of law to fact, or opinions about either." FED. R. CIV. P. 36(a)(1)(A). If the party TO whom the request is directed does not respond within 30 days after being served, the matter is admitted. FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b).

Because Plaintiff failed to respond to Defendant's Rule 36 Request [11-11], each matter therein is admitted. The Court may grant summary judgment based on these admissions. See United States v. 2204 Barbara Lane, 960 F.2d 126, 127 (11th Cir. 1992) ("[F]ailure to respond to the [Rule 36] requests for admissions in the civil forfeiture action conclusively established [certain factual averments]."); Anthem Life Ins. Co. v. Izaguirre, 166 B.R. 484, 488–89 (Bankr. N.D. Ga. 1994) (granting summary judgment because failure to answer a request for admissions meant there was no existing issue of material fact).

**II.    Standards**

    A.    Motion for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment "bears the initial responsibility of informing the district court of the

5

basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met his burden, the nonmoving party must go "beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotation marks omitted). If the nonmoving party fails to do so, the moving party is entitled to summary judgment. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991). However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (denying an argument on appeal because the lower court "indicate[d] that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context).

6

### B. Fair Debt Collection Practices Act

The FDCPA "regulates the practices of debt collectors." Nadalin v. Auto. Recovery Bureau, Inc., 169 F.3d 1084, 1085 (7th Cir. 1999) (internal quotation marks omitted). To prevail, the plaintiff must show: (1) he has been subject to collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) "the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (quoting Beadle v. Haughey, No. Civ. 04-272-SM, 2005 WL 300060, at *2 (D.N.H. Feb. 9, 2005)).

### C. Real Estate Settlement Procedures Act

Congress enacted the RESPA "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). Under the RESPA, any servicer of a federally related mortgage loan "shall provide a written response acknowledging receipt of the correspondence within 20 days" if the servicer "receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such

7

loan." Id. § 2605(e)(1)(A). Furthermore, within 60 days of receiving the qualified written request, the servicer must conduct an investigation about the request, make appropriate corrections in the borrower's account, and provide to the borrower a written explanation of the servicer's conclusions from the investigation. Id. § 2605(e)(2). If a servicer does not comply with the statute, it shall be liable for "any actual damages to the borrower as a result of the failure." Id. § 2605(f)(1).

    D.    Wrongful Foreclosure

To assert a claim of wrongful foreclosure, Georgia law requires the plaintiff "to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). To foreclose on a property, O.C.G.A. § 44-14-162(b) stipulates that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

### III. Merits of Plaintiff's Claims

For the reasons discussed below, the Defendant's Motion for Summary Judgment [11] is **GRANTED**. Therefore, Plaintiff's Petition for Temporary Restraining Order and/or Preliminary Injunction [2] is **MOOT**.

#### A. Fair Debt Collection Practices Act

Plaintiff alleges that Defendant violated "Plaintiff's Rights to make requests under the [FDCPA]" because "[a]lthough requests for information ha[ve] been repeatedly made, Plaintiff has never been supplied with proper evidence that FNMA is still in fact the legal holder of the mortgage." (Dkt No. [2] at ¶¶ 14, 17). Defendant argues that liability under the FDCPA cannot attach because (1) it is not a debt collector as defined by the law and (2) the foreclosure did not constitute a debt collection. (Dkt. No. [11-1] at 15–19).

A "debt collector" is "any person who uses any instrumentality of interstate commerce [for which the] principal purpose … is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA only applies to debt collectors, not creditors in the process of collecting their own debt. Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *3 (N.D. Ga. Sept. 2, 2010).

9

No facts suggest FNMA acted as a debt collector. Therefore, the FDCPA does not apply to Defendant, and Defendant's Motion for Summary Judgment [11] on the FDCPA claim is **GRANTED**.

B.    Real Estate Settlement Procedures Act

Plaintiff claims Defendant has "continued to pursue the Sale under Power in direct violation of [t]he [RESPA]" and that "FNMA has shown a practice or pattern of refusing to produce the necessary documents requested in violation of [the] RESPA [§] 2605(e)." (Dkt. No. [2] at ¶¶ 16, 27). Defendant argues that there is no RESPA violation because (1) Plaintiff has admitted that Defendant did not violate any contractual provision, law, or regulation in connection with the loan or foreclosure; (2) no evidence suggests FNMA received a qualified written request; and (3) "Plaintiff failed to allege that he sustained any actual, recoverable damages as a direct and proximate result of FNMA's alleged failure to respond to [Worrell's] inquiry." (Dkt. No. [11-1] at 19–24).

Indeed, the RESPA applies only if the borrower makes a written request to the servicer. 12 U.S.C. § 2605(e)(1)(A). The closest Plaintiff came to pleading that he submitted a written request is that he "has requested documents from FNMA." (Dkt. No. [2] at ¶ 26). Even assuming that the Court could draw a reasonable inference that a request was written, Plaintiff nevertheless must

10

quantify damages incurred in dealing with a RESPA violation. See McLean v. GMAC Mortg. Corp., 595 F. Supp. 2d 1360, 1370–71 (S.D. Fla. 2009) (noting that a plaintiff must quantify damages for RESPA violations). Plaintiff failed to quantify damages. Therefore, Defendant's Motion for Summary Judgment [11] on the RESPA claim is **GRANTED**.

    C.    Wrongful Foreclosure

Plaintiff claims Defendant's attempt to foreclose on the Property violates O.C.G.A. § 44-14-162(b) because foreclosure was allegedly pursued without notifying Plaintiff at least 30 days prior. (Dkt. No. [2] at ¶ 11–13, 19). Defendant argues that it is not liable for wrongful foreclosure because (1) it is not the entity that foreclosed on the Property and (2) "FNMA had no duty to Plaintiff to postpone or cancel the Foreclosure." (Dkt. No. [11-1] at 24–25). No facts suggest that either the foreclosure or sale violated Georgia law, or that Defendant had a duty to Plaintiff. Most importantly, Defendant was not the entity that foreclosed on the Property. (Dkt. No. [11-7] 2–4). Therefore, Defendant's Motion for Summary Judgment [11] on the wrongful foreclosure claim is **GRANTED**.

AO 72A
(Rev.8/82)

D.     Temporary Restraining Order and/or Preliminary Injunction

Because the Court grants Defendant's Motion for Summary Judgment [11] on all claims, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. Therefore Plaintiff's Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**.

## Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment [11] is **GRANTED**, and Plaintiff's Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction [2] is **DENIED**. The clerk shall close the case.

**SO ORDERED**, this  21st  day of June, 2011.

_____
**RICHARD W. STORY**
United States District Judge